ABRAHAM RUBEL *v.* ELEANOR P.
WAINWRIGHT ET AL.
(AC 23362)

Lavery, C. J., and Flynn and Bishop, Js.

_____

Argued September 15, 2004—officially released January 4, 2005

*Cynthia I. Crockett,* for the appellant (plaintiff).

*Kerry R. Callahan,* with whom were *Barbara A. Frederick* and, on the brief, *Daniel R. Canavan,* for the appellees (defendants).

*Opinion*

BISHOP, J. The plaintiff, Abraham Rubel, appeals from the trial court's judgment rendered in favor of the defendant Eleanor P. Wainwright[1] following a jury trial. On appeal, the plaintiff claims that the court improperly (1) instructed the jury, (2) admitted certain testimony regarding the defendant's operation of her vehicle, and (3) admitted certain testimony regarding the plaintiff's speed and operation of his vehicle. We affirm the judgment of the trial court.

The plaintiff brought this action to recover for personal injuries sustained in a collision allegedly resulting from the defendant's negligent and reckless operation of a motor vehicle. The defendant denied having been negligent and reckless, and raised the plaintiff's comparative negligence as a special defense. After trial, the court rendered judgment in favor of the defendant in accordance with the jury's verdict.

In reaching its verdict, the jury reasonably could have found the following facts. Federal Road, in Danbury, is a two way road running north and south. Nabby Road, which runs east and west, intersects Federal Road. At that intersection, Federal Road in the southbound direc-

---

[1] David E. Wainwright, Eleanor Wainwright's husband, was also named as a defendant. For convenience, we refer in this opinion to Eleanor Wainwright as the defendant.

tion has two lanes continuing straight through the intersection and a single left turn only lane. Those lanes were all controlled by a flashing yellow traffic signal at the time of the accident at issue. Nabby Road was controlled by a flashing red signal.

On September 8, 1997, the defendant was traveling east on Nabby Road. She stopped her vehicle at the intersection with Federal Road in response to the red flashing signal. The defendant's vision of oncoming traffic from her left was obstructed when a minivan, operated by Barbara Chitester, stopped in the right southbound lane of Federal Road because of a line of traffic backed up through the intersection. Linda Vanek's vehicle was stopped behind Chitester's vehicle, further impairing the defendant's view. Chitester appeared to allow the defendant's vehicle out to turn left onto Federal Road northbound. The defendant proceeded forward slowly, inching out and continually checking the southbound lane of Federal Road for oncoming traffic. She was almost at a complete stop when the collision occurred. The plaintiff, heading south on Federal Road, swerved and braked his motorcycle, trying to avoid an accident, but nevertheless collided with the defendant's vehicle. The plaintiff was thrown from his motorcycle over the hood of the defendant's automobile, sustaining multiple bodily injuries and requiring several surgeries.

A jury trial was held on June 11, 2002. At the close of the evidence, the plaintiff amended his complaint. In count one of the amended complaint, the plaintiff alleged, inter alia, that the defendant negligently operated her vehicle at an unreasonable rate of speed in violation of the common law and General Statutes § 14-218a, negligently failed to yield the right-of-way and proceeded past a flashing red traffic control signal in violation of the common law and General Statutes §§ 14-299 (c) and 14-301, and negligently failed to use due

care under the circumstances. In count two, the plaintiff alleged, on the basis of the same conduct set forth in count one, that the defendant recklessly operated her vehicle in violation of General Statutes §§ 14-218a and 14-222. The plaintiff sought double or treble damages pursuant to General Statutes § 14-295. Both the plaintiff and the defendant moved for directed verdicts. The court denied those motions and submitted two sets of interrogatories[2] and verdict forms to the jury.

The first set of interrogatories addressed the claims of negligence asserted in count one, and the second set addressed the claims of recklessness asserted in count two of the amended complaint. In response to question one of the first set of jury interrogatories, the jury found that the plaintiff had not proven, by a preponderance of the evidence, that the defendant operated her vehicle negligently in one or more of the manners alleged.[3] In accordance with the court's instruction, the jury did

[2] The first set of interrogatories submitted to the jury was titled, "Jury Interrogatories A." The second set of interrogatories was titled, "Jury Interrogatories B."

[3] In the first set of jury interrogatories, the court asked the jury to answer the following questions: "1. Do you find that the plaintiff has proven by a preponderance of the evidence that [the defendant] operated her vehicle negligently in one or more of the manners alleged?
YES          NO
(If your response is "NO," you must enter a verdict in favor of [the defendant].)
"2. Do you find that the plaintiff has proven by a preponderance of the evidence that [the defendant's] negligence proximately caused the injuries claimed by the plaintiff in the September 8, 1997 accident?
YES          NO
(If your response is "NO," you must enter a verdict in favor of [the defendant].)
"[3]. Do you find that the [defendant has] proven to you by a preponderance of the evidence that the plaintiff was comparatively negligent in one or more of the ways alleged in the [defendant's] special defenses?
YES          NO
(If your answer is "YES," to question #[3], state below the percentage of negligence that you find attributable to the plaintiff.)
_____ %"

not answer the remaining questions of that set of inter-
rogatories or the questions in the second set of interrog-
atories, because it had answered "no" to the first
question of the first set of interrogatories. After hearing
the jury's response to the first set of interrogatories,
the court sent the jury back to the deliberations room to
answer question four regarding the defendant's special
defense of comparative negligence. Following a brief
colloquy with counsel, the court recalled the jury and
told the jurors that because they had found that the
defendant was not negligent in any respect, it was not
necessary for them to address the defendant's compara-
tive negligence special defense. During the brief interval
between being sent to deliberate and being recalled,
however, the jury forewoman had inserted an answer
on the interrogatory form in which she indicated that
the plaintiff had been negligent.

As noted, the jury initially did not respond to the
second set of interrogatories regarding the plaintiff's
claim that the defendant recklessly had operated her
vehicle in violation of § 14-222 and that she recklessly
had operated her vehicle at an unreasonable rate of
speed in violation of § 14-218a.[4] Shortly after the court

---

[4] The second set of jury interrogatories set forth, in relevant part, the
following questions: "1. Do you find that the plaintiff has proven by a
preponderance of the evidence that the defendant was reckless in violation
of [General Statutes] §§ 14-218a or 14-222?

    YES                  NO

(If your response is "YES," please proceed to #2. If your response is "NO,"
then enter a verdict for the defendant on the [defendant's] verdict form
under count two.)

"2. Do you find that the plaintiff has proven by a preponderance of the
evidence that the recklessness of the defendant . . . proximately caused
the accident and proximately caused the plaintiff's injuries, damages and
losses?

    YES                  NO

(If the answer is "YES," then proceed to question #3. If it is "NO," then
enter a verdict for the defendant on the [defendant's] verdict form under
count two.)

"3. Please indicate whether you award no recklessness damages, double
damages or treble damages by circling one of the choices listed below:

recalled the jury for the first time, it sent the jury back a second time and directed it to answer the questions set forth in the second set of interrogatories. The jury subsequently found that the defendant had not been reckless and returned a verdict in her favor. The court accepted the jury's verdict and rendered judgment in favor of the defendant. On June 28, 2002, the plaintiff filed a motion to set aside the verdict, which the court denied after a hearing on July 29, 2002. This appeal followed.

I

The plaintiff claims that the court's charge to the jury was improper in several respects. Specifically, the plaintiff claims that the court improperly (1) instructed the jury that it needed to find that the defendant had violated both §§ 14-299 (c) (1) and 14-301 for the jury to find that the defendant was negligent, (2) instructed the jury that comparative negligence is a defense to recklessness, (3) instructed the jury regarding § 14-222 and the definition of recklessness, and (4) failed to instruct the jury that the speed of the plaintiff's vehicle could be considered a condition and not necessarily a cause of the collision.

"Our standard of review concerning preserved claims of improper jury instruction is well settled. . . . A jury instruction must be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the

"(a) no additional damages
"(b) double damages
"(c) treble damages . . . ."

instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . Therefore, [o]ur standard of review on this claim is whether it is reasonably probable that the jury was misled." (Citations omitted; internal quotation marks omitted.) *Geary* v. *Wentworth Laboratories, Inc.*, 60 Conn. App. 622, 624–25, 760 A.2d 969 (2000).

A

The plaintiff first claims that the court misled the jury in charging that he was required to prove that the defendant violated both §§ 14-299 (c)[5] and 14-301 (c)[6] in order to establish that she was negligent. We disagree.

The plaintiff maintains that the defendant's obligation under §§ 14-299 and 14-301 was twofold—to stop and to yield the right-of-way. Thus, the plaintiff claims, the defendant's failure to do either of those, in and of itself, would constitute a violation of the statutes. The plaintiff claims, therefore, that the court's instructions to the jury that it had to find that the defendant operator both failed to stop and failed to yield the right-of-way was incorrect and constituted reversible error.

With respect to the plaintiff's claims regarding the failure to yield the right-of-way, the court initially

---

[5] General Statutes § 14-299 (c) provides in relevant part: "When an illuminated flashing red or yellow signal is used in a traffic sign or signal, it shall require obedience by vehicular traffic as follows: (1) Flashing red: When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop before entering the nearest crosswalk at an intersection, or at a limit line when marked or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign. . . ."

[6] General Statutes § 14-301 (c) provides: "The driver of a vehicle shall stop in obedience to a stop sign at such clearly marked stop line or lines as may be established by the traffic authority having jurisdiction or, in the absence of such line or lines, shall stop in obedience to a stop sign at the entrance to a through highway and shall yield the right-of-way to vehicles not so obliged to stop which are within the intersection or approaching so closely as to constitute an immediate hazard."

instructed the jury that the plaintiff had alleged failure to stop and failure to yield as two distinct specifications of negligence, and the court read to the jury the two separate provisions of §§ 14-299 (c) and 14-301 (c).[7] Subsequently, the court improperly inserted the word "and" in the last paragraph of that portion of the instruction. Even if the court's instructions, at that time, may have misled the jury to believe that the plaintiff was required to prove a violation of both §§ 14-299 (c) and 14-301 (c), any misimpression caused by the court's instruction in that regard was corrected subsequently by the court's response to a question from the jury. After the court's charge, the jury requested clarification

---

[7] The court initially instructed the jury in relevant part: "[U]nder paragraph five [of the amended complaint], the plaintiff has made numerous specifications of negligence, and I'm just going to go over them with you quickly. Five. The plaintiff alleges that the collision, and resulting injuries and damages, were caused by the negligence and carelessness of the defendant Eleanor P. Wainwright, in one or more of the following ways. A. The defendant proceeded in violation of a flashing red traffic control signal, in violation of § 14-299 (c) (1) of the Connecticut General Statutes. B. The defendant did not yield the right-of-way, as required by § 14-301 of the Connecticut General Statutes to the plaintiff's vehicle.

∗ ∗ ∗

"Now, the plaintiff alleges that the defendant failed to stop her vehicle in response to a flashing red traffic control signal in violation of Connecticut General Statutes § 14-299 (c) (1), which states as follows: Flashing red. When a red lens is illuminated by rapid intermittent flashes, drivers of vehicles shall stop at a limit line, when marked or, if none, then before entering the intersection, and the right to proceed shall be subject to the rules applicable after making a stop at a stop sign.

"Such rules are stated in General Statutes § 14-301 (c), which indicates that the driver of a vehicle shall stop in obedience to a stop sign at such clearly marked stop line or lines or, in the absence of such line or lines, shall stop in obedience to a stop sign at the entrance to a through highway and shall yield the right-of-way to vehicles not so obligated to stop which are within the intersection or approaching so closely as to constitute an immediate hazard. . . . In order to show a violation of § 14-299 (c) (1), the plaintiff must prove that the defendant failed to stop her vehicle in response to a flashing red light at the limit line before entering the intersection in question, and failed to yield the right-of-way to vehicles which were not obligated to stop and which were either in the intersection or approaching so closely as to constitute an immediate hazard."

regarding the plaintiff's theories of negligence. The jury specifically requested: "In . . . jury interrogator[ies] A, number one, we would like a list of one or more of the manners that [the defendant] is alleged to have been negligent." The court then provided the jury with an additional instruction identifying each of the plaintiff's separate theories of negligence. The court's clarifying instruction stated in relevant part: "It's paragraph five of the amended complaint. The collision and resulting injuries and damages were caused by the negligence and carelessness of defendant, Eleanor P. Wainwright, in *one or more* of the following ways: A. The defendant proceeded in violation of a flashing red traffic control signal in violation of § 14-299 (c) (1) of the Connecticut General Statutes. B. The defendant did not yield the right-of-way as required by § 14-301 of the Connecticut General Statutes to the plaintiff's vehicle." (Emphasis added.)

If the court's initial instruction were read in isolation, we might agree with the plaintiff's claim that that instruction could have misled the jury. In assessing a claim of instructional error, however, we examine each jury instruction in the context of the charge as a whole, rather than by the instruction's individual, component parts. *Sevigny* v. *Dibble Hollow Condominium Assn., Inc.*, 76 Conn. App. 306, 311, 819 A.2d 844 (2003). In that regard, we must consider the placement of the correct instruction. "[G]reater weight is likely to have been given by the jury to a later statement than to an earlier one; and this principle operates at times to cure an error in the earlier statement . . . ." (Internal quotation marks omitted.) *State* v. *Giordano-Lanza*, 83 Conn. App. 811, 823, 851 A.2d 397, cert. granted on other grounds, 271 Conn. 911, 859 A.2d 572 (2004), quoting W. Maltbie, Connecticut Appellate Procedure (2d Ed. 1957) § 95, p. 114. "In addition, our appellate courts have long noted the magnitude of the effect of the last

words heard by a jury. . . . ([W]here the court . . . returns to a subject considered [earlier] and gives additional instructions in regard to it, the jury may naturally regard them, so far as they may state a new and different rule, to be intended to qualify, as a last word, that which had been previously said)." (Citations omitted; internal quotation marks omitted.) *State* v. *Giordano-Lanza,* supra, 823–24. "In the absence of an indication to the contrary, the jury is presumed to have followed . . . curative instructions." *State* v. *Velasco,* 253 Conn. 210, 246, 751 A.2d 800 (2000).

After giving the portion of the charge at issue, the court properly issued a curative instruction to the jury that clarified any confusion that the court's previous instruction may have caused. In this case, it was the correct statement of the law that the jury heard last, in a stand-alone, curative instruction, given in response to the jury's request for clarification. Read as a whole, the jury instructions properly guided the jury in that the plaintiff was entitled to a verdict if the defendant violated either §§ 14-299 (c) or 14-301 (c).

Having reviewed the charge as a whole, including the court's supplemental instruction, we conclude that there is no reasonable probability that the jury was confused or misled by the court's instruction. As a consequence, the plaintiff's claim in that regard is unavailing.

B

The plaintiff next maintains that the court's instruction to the jury that comparative negligence was a defense to the plaintiff's claims of recklessness constituted reversible error. The plaintiff contends that the instruction clearly was an improper statement of the law and, therefore, failed to provide the jury with sufficient guidance in reaching the verdict. Viewing the charge as a whole, however, we conclude that there is

no reasonable probability that the jury was misled by that part of the court's instruction.

We begin our analysis of the plaintiff's claim within familiar legal parameters. "[F]acts found but not averred cannot be made the basis for a recovery [and] [i]t is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . Consequently, [t]he plaintiff was entitled to have the jury correctly, fairly and adequately instructed in accordance with the matters and law in issue by virtue of the pleadings and the evidence in the case . . . and [t]he trial court need charge only on those points of law that arise pursuant to the claims of proof advanced by the parties in their pleadings." (Citations omitted; internal quotation marks omitted.) *Daley* v. *Wesleyan University*, 63 Conn. App. 119, 126, 772 A.2d 725, cert. denied, 256 Conn. 930, 776 A.2d 1145 (2001). "[T]he interpretation of pleadings is always a question of law for the court . . . . [Our Supreme Court has] pointed out that [t]he burden [is] upon the pleaders to make such averments that the material facts should appear with reasonable certainty . . . ." (Internal quotation marks omitted.) Id., 127.

The plaintiff contends that the court improperly instructed the jury that under the comparative negligence rule, if the plaintiff is more than 50 percent negligent, then the jury need not consider the second count of the amended complaint sounding in recklessness. The plaintiff argues that because comparative negligence is not a defense to a claim based on recklessness, the court's instruction misled and did not sufficiently guide the jury.

The court instructed the jurors that "you won't even get to the second count, the recklessness count, unless you find that the plaintiff has proven [the defendant's] negligence under count one, and that the plaintiff's neg-

ligence was 50 percent or less, that is, not greater than 50 percent." Pursuant to the court's charge on comparative negligence, the jury initially did not answer the second set of interrogatories. After hearing the jury's verdict, the court noted that the jury did not answer those interrogatories, but also noted that because the jury found for the defendant on the first count, there was no need for the jury to make a finding on the second count, the recklessness count. In a sidebar conference with the court on that issue, the plaintiff's counsel admitted: "I think that if the jury found that [the defendant] was not negligent, given the fact that recklessness is a higher standard, I think, in fairness, they would have to find no recklessness." After conferencing with counsel, the court decided to recall the jurors to have them formally indicate that they found for the defendant on the second count as well.

As a general legal proposition, the plaintiff is correct that comparative negligence is not a defense to a cause of action alleging recklessness. *Matthiessen* v. *Vanech*, 266 Conn. 822, 830, 836 A.2d 394 (2003). General Statutes § 52-572h, which encompasses the law of comparative negligence, applies only to negligence actions and not to claims based on recklessness. *Belanger* v. *Village Pub I, Inc.*, 26 Conn. App. 509, 512–14, 603 A.2d 1173 (1992). Notwithstanding that general statement of the law, we conclude that the jury instruction here was not improper because it reasonably and logically flowed from the claims as they were set forth in the plaintiff's complaint.

The parties do not dispute the general definition of recklessness. Reckless misconduct refers to "highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent." (Internal quotation marks omitted.) Id., 513. "Recklessness requires a conscious choice of a course of action either with knowledge of the

serious danger to others involved in it or with knowledge of facts which would disclose this danger to any reasonable man, and the actor must recognize that his conduct involves a risk substantially greater . . . than that which is necessary to make his conduct negligent." (Internal quotation marks omitted.) *Bishop* v. *Kelly*, 206 Conn. 608, 614–15, 539 A.2d 108 (1988). Recklessness, therefore, is more than negligence and also is more than gross negligence. *Dubay* v. *Irish*, 207 Conn. 518, 532, 542 A.2d 711 (1988).

In his amended two count complaint, the plaintiff utilized nearly identical language in his allegations of negligence as he did in his claims based on recklessness. In the first count, which alleged negligence, the plaintiff set forth several allegations of negligent behavior on the part of the defendant. In the recklessness count, the plaintiff specified no further factual allegations of prohibited acts, omissions or transgressions on the part of the defendant, but simply restated the earlier alleged conduct as recklessness. The only difference between the negligence count and the recklessness count of the amended complaint is that in the recklessness count, the plaintiff alleged that the rate of speed at which the defendant was operating her motor vehicle was not only unreasonable as to constitute negligence, but also reckless or deliberate.

In light of the identity of factual claims in both counts, the court properly instructed the jurors that if they found that the defendant was not negligent in any of the ways alleged in the first count, they did not need to consider the plaintiff's claims of recklessness because the plaintiff pleaded no additional facts in his recklessness count other than those alleged in support of his negligence claim. Consequently, having determined that the defendant had not acted negligently, the jury logically and reasonably could not have concluded that the same nonnegligent behavior was reckless. We

are not persuaded, therefore, by the plaintiff's claim that the jury instructions regarding the relationship between comparative negligence and recklessness were harmful in this case.

## C

The plaintiff next claims that the court improperly charged the jury on his allegations of speeding and recklessness. We disagree.

The plaintiff claims that the court improperly charged the jury with regard to § 14-222[8] by including the language, "at a rate of speed as to endanger the life of any other person other than the operator of the motor vehicle," and therefore improperly instructed the jury on the elements of § 14-219[9] instead of properly instructing on § 14-222.[10] The plaintiff never alleged, or

[8] General Statutes § 14-222 (a) provides in relevant part: "No person shall operate any motor vehicle upon any public highway . . . recklessly, having regard to the width, traffic and use of such highway, road, school property or parking area, the intersections of streets and the weather conditions. The operation of a motor vehicle upon any such highway . . . at such a rate of speed as to endanger the life of any person other than the operator of such motor vehicle . . . shall constitute a violation of the provisions of this section. . . ."

[9] General Statutes § 14-219 (a) provides in relevant part: "No person shall operate any motor vehicle (1) upon any highway, road or any parking area for ten cars or more, at such a rate of speed as to endanger the life of any occupant of such motor vehicle, but not the life of any other person than such an occupant . . . ."

[10] In its charge to the jury with regard to General Statutes § 14-222, the court instructed the jury that "[a] person may also operate a motor vehicle recklessly when that person does so knowing or having reason to know of facts which create a high degree of risk involved, although a reasonable person in the same circumstances would realize or appreciate that risk. In addition to this general definition of reckless driving, the statute, which is § 14-222 (a), further describes a specific form of reckless operation of a motor vehicle that constitutes reckless driving as a matter of law.

"This specific form involves the operation of a motor vehicle upon any public highway at a rate of speed—at a rate of speed as to endanger the life of any other person other than the operator of the motor vehicle. If you find that the defendant violated the reckless driving statute, that is, § 14-222 (a), in any of the ways I have defined for you, then the defendant was negligent."

requested, an instruction on a violation of § 14-219, but he did request recklessness instructions on the basis of § 14-222.[11]

Additionally, the plaintiff maintains that the court improperly instructed the jury that he had to prove deliberateness on the part of the defendant for the jury to find the defendant reckless. The court instructed the jury that an individual operates a vehicle recklessly "when that person does so knowingly or having reason to know of facts which create a high degree of risk of physical harm to another and deliberately proceeds to act in conscious disregard of or with indifference to that risk." The plaintiff asserts that because he did not claim that the defendant acted deliberately, the court's instructions misled the jury regarding one of the essential elements of recklessness and therefore constituted harmful error. We need not consider the effects of the court's instruction regarding recklessness and § 14-222 because even if we assume that the instruction was improper, any error was harmless.

"We begin our analysis by noting that [i]t is axiomatic . . . that not every error is harmful. . . . [W]e have often stated that before a party is entitled to a new trial . . . he or she has the burden of demonstrating that the error was harmful. . . . An instructional impropriety is harmful if it is likely that it affected the verdict." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 243, 828 A.2d 64 (2003).

As noted, in count two of the amended complaint, the plaintiff alleged precisely the same facts regarding the recklessness claim as in count one regarding negligence, and the jury expressly found that the plaintiff

---

[11] The plaintiff also claims that the court's charge regarding recklessness under General Statutes § 14-222 also infected its charge on General Statutes § 14-218a. Our review of the charge as a whole belies that claim.

had failed to prove that the defendant operated her vehicle negligently. As noted in part I B, the jury's determination regarding negligence foreclosed a finding of recklessness because no additional factual claims were set forth in the recklessness count, and reckless behavior implicates a level of culpability greater than simple negligence. Under those circumstances, having found for the defendant on the issue of negligence, the jury was not required to reach the issue of recklessness. Any error regarding the instructions on § 14-222 or the plaintiff's recklessness claim, therefore, was harmless and, logically, did not affect the result.

D

Last, as to claims of instructional error, the plaintiff asserts that the court improperly failed to instruct the jury on proximate cause in accordance with his request to charge. In particular, the plaintiff claims that the court improperly refused to instruct the jury that the speed of the plaintiff's vehicle could be considered a condition and not necessarily a cause of the collision. We do not agree.

As noted, for error to be harmful, the error must likely have affected the result of the trial. Id., 243. The speed of the plaintiff's vehicle was probative only as to the defendant's special defense of comparative negligence, which was irrelevant to the verdict in light of the jury's finding that the defendant was not negligent. Because the issue of the plaintiff's negligence would arise only on a determination that the defendant had been negligent, any instructional misstep relating to the claim of the plaintiff's comparative negligence was harmless.

II

The plaintiff next claims that the court improperly allowed opinion testimony on an ultimate issue when

defense witnesses were allowed to testify that the defendant was operating her car carefully. Because the plaintiff did not properly preserve that claim for appellate review, we decline to afford it review.

The following additional facts are relevant to the plaintiff's claim. At trial, Chitester testified that she had stopped at the intersection of Federal and Nabby Roads, leaving a space between her car and the car in front of her in the right lane and that she had intended to let the defendant proceed onto Federal Road. She testified further that she observed the defendant to be "very careful. She didn't come right out. . . . She would creep a little and look, and creep a little and look, and seemed to be very careful of coming out into that intersection." The plaintiff did not object to the admissibility of that testimony, but did take exception to it in his posttrial motion to set aside the verdict.

The standard for the preservation of a claim of improperly admitted evidence at trial is well settled. Practice Book § 60-5 provides in relevant part that "[this] court shall not be bound to consider a claim unless it was distinctly raised at the trial . . . ." "In order to preserve an evidentiary ruling for review, trial counsel must object properly. . . ." (Internal quotation marks omitted.) *State* v. *Francis D.*, 75 Conn. App. 1, 8, 815 A.2d 191, cert. denied, 263 Conn. 909, 819 A.2d 842 (2003). "Our rules of practice make it clear that counsel must object to a ruling of evidence [and] state the grounds upon which objection is made . . . to preserve the grounds for appeal. . . . These requirements are not simply formalities. . . . We consistently have stated that we will not consider evidentiary rulings where counsel did not properly preserve a claim of error by objection . . . ." (Internal quotation marks omitted.) *State* v. *Crocker*, 83 Conn. App. 615, 653, 852 A.2d 762, cert. denied, 271 Conn. 910, 859 A.2d 571 (2004).

In the present case, the plaintiff did not object to Chitester's testimony that the defendant was operating her vehicle very carefully. Thus, the claim was not preserved. Although the plaintiff did raise the issue in his motion to set aside the verdict, that posttrial effort to revive the issue was not an adequate means to preserve the issue for review on appeal. "[T]o permit the appellant first to raise posttrial an issue that arose during the course of the trial would circumvent the policy underlying the requirement of timely preservation of issues." *Willow Springs Condominium Assn., Inc.* v. *Seventh BRT Development Corp.*, 245 Conn. 1, 49, 717 A.2d 77 (1998). In sum, raising an evidentiary issue for the first time in the context of a motion to set aside the verdict does not preserve the issue for appeal. *Travelers Ins. Co.* v. *Namerow*, 257 Conn. 812, 832 n.15, 778 A.2d 168 (2001), superseded in part on other grounds, *Travelers Ins. Co.* v. *Namerow*, 261 Conn. 784, 807 A.2d 467 (2002); cf. *State* v. *Gebhardt*, 83 Conn. App. 772, 780–81, 851 A.2d 391 (2004). Accordingly, we decline to review the claim.[12]

### III

The plaintiff claims that the trial court abused its discretion in allowing Vanek, Chitester and the defendant to testify as to their observations regarding the speed of the plaintiff's vehicle. The plaintiff argues that this testimony was too speculative and conjectural to be proper evidence of speeding. The plaintiff also maintains that the court abused its discretion in allowing

---

[12] Because the claim was raised for the first time on appeal, our review would be limited either to plain error review; see Practice Book § 60-5; or to review pursuant to the constitutional bypass doctrine of *Evans-Golding.* See *State* v. *Golding,* 213 Conn. 233, 239–40, 567 A.2d 823 (1989); *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). The plaintiff has failed, however, to request review of his claim under either of those doctrines. "As this court has previously noted, it is not appropriate to engage in a level of review that is not requested." *State* v. *Hermann,* 38 Conn. App. 56, 65, 658 A.2d 148, cert. denied, 235 Conn. 903, 665 A.2d 904 (1995).

Chitester to testify that the plaintiff was traveling "too fast for a flashing yellow light in a big intersection" because that testimony constituted an opinion on an ultimate issue.

We have often stated that "[b]efore a party is entitled to a new trial because of an erroneous evidentiary ruling, he or she has the burden of demonstrating that the error was harmful. . . . The harmless error standard in a civil case is whether the improper ruling would likely affect the result." (Internal quotation marks omitted.) *Kalams* v. *Giacchetto,* 268 Conn. 244, 249, 842 A.2d 1100 (2004).

As noted, the jury first found that the plaintiff had failed to prove that the defendant operated her vehicle negligently. At that time, the jury had not made a finding regarding the defendant's special defense of comparative negligence and the plaintiff's possible negligence.[13] The testimony regarding the speed of the plaintiff's vehicle was relevant only to the defendant's claim that the plaintiff had been negligent. The special defense was irrelevant to the verdict because the jury found that the defendant had not been negligent. Any evidentiary error relating to the special defense of comparative negligence did not affect the outcome of the case and therefore was harmless.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[13] We note that although it was unnecessary for the court to return the jury to answer question four of the first set of jury interrogatories with regard to the plaintiff's negligence and the defendant's comparative negligence special defense, the jury first found that the defendant was not negligent and was prepared to return a defendant's verdict. The jury's subsequent answer to that question therefore was superfluous, but not inconsistent with the verdict.