# MICHAEL DEMATTEO *v.* CITY OF NEW HAVEN ET AL.
## (AC 25543)

Bishop, DiPentima and Gruendel, Js.

Argued March 31—officially released July 19, 2005

*Audrey C. Kramer*, assistant corporation counsel, for the appellant (named defendant).

*Marc J. Ubaldi*, with whom was *Dennis W. Gillooly*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant city of New Haven[1] appeals from the judgment of the trial court rendered after the jury's verdict in favor of the plaintiff, Michael DeMatteo. The plaintiff brought an action pursuant to General Statutes § 13a-149, the municipal defective highway statute. On appeal, the defendant claims that the court improperly failed to set aside the verdict. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to the resolution of the defendant's appeal. On February 5, 1998, the plaintiff, a letter carrier with the United States Postal Service, tripped over a portion of a signpost protruding about one and one-half inches from the sidewalk while making a delivery. Consequently, the plaintiff fell, twisting his right ankle, and landing on his right shoulder and elbow.

The plaintiff filed an amended complaint on November 17, 2003, and on May 3, 2004, the jury returned a verdict in favor of the plaintiff and awarded him $51,279.17 in economic damages and $175,000 in noneconomic damages for a total of $226,279.17. On May 12, 2004, the defendant filed a motion to set aside the verdict on the ground that the court improperly instructed the jury regarding constructive notice under § 13a-149. On the same day, the defendant filed a motion for remittitur. The court denied the posttrial motions

---

[1] The trial court dismissed the counts of the complaint against the defendant James F. Sullivan, the commissioner of the department of transportation, prior to trial. We therefore refer in this opinion to the city of New Haven as the defendant.

and rendered judgment on the verdict. This appeal followed. Further facts will be recited as necessary.

On appeal, the defendant contends that the court's instructions to the jury created confusion as to the proper legal standard governing constructive notice under § 13a-149. In particular, the defendant asserts that the court's instructions placed a higher burden on the defendant than is required under the statute. The defendant argues that because the allegedly improper jury instructions were harmful to its case, the court improperly denied the motion to set aside the verdict. Because the defendant has not provided us with an adequate record to determine whether the jury instructions were harmful, we affirm the judgment.

The standard of review that governs our review of a trial court's denial of a motion to set aside the verdict "involves a determination of whether the trial court abused its discretion, according great weight to the action of the trial court and indulging every reasonable presumption in favor of its correctness . . . ." (Internal quotation marks omitted.) *Bovat* v. *Waterbury*, 258 Conn. 574, 583, 783 A.2d 1001 (2001).

Additionally, "[o]ur standard of review concerning preserved claims of improper jury instruction is well settled. . . . A jury instruction must be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . Therefore, [o]ur standard of review on this claim is

whether it is reasonably probable that the jury was misled." (Internal quotation marks omitted.) *Rubel* v. *Wainwright*, 86 Conn. App. 728, 734–35, 862 A.2d 863, cert. denied, 273 Conn. 919, 871 A.2d 1028 (2005).

Next, we set forth general precepts relating to commencing an action under § 13a-149. To bring a successful claim under § 13a-149, "the plaintiff must prove, by a fair preponderance of the evidence, (1) that the highway was defective as claimed; (2) that the defendant actually knew of the particular defect or that, in the exercise of its supervision of highways in the city, it should have known of that defect; (3) that the defendant, having actual or constructive knowledge of this defect, failed to remedy it having had a reasonable time, under all the circumstances, to do so; and (4) that the defect must have been the sole proximate cause of the injuries and damages claimed, which means that the plaintiff must prove freedom from contributory negligence." (Internal quotation marks omitted.) *Prato* v. *New Haven*, 246 Conn. 638, 642, 717 A.2d 1216 (1998); *Lukas* v. *New Haven*, 184 Conn. 205, 207, 439 A.2d 949 (1981).

In *Tirendi* v. *Waterbury*, 128 Conn. 464, 468–70, 23 A.2d 919 (1942), our Supreme Court set out the general rule defining constructive notice in reference to the municipal defective highway statute. The court stated that "to charge a defendant with constructive notice it is incumbent on the plaintiff to establish that the defect had been there a sufficient length of time and was of such a dangerous character that the defendant by the exercise of reasonable care could and should have discovered and remedied it. . . . The test is, not would the defect have been discovered had the particular portion of the street in question been examined, but would it have been discovered had the municipality exercised reasonable supervision over its streets as a whole." (Citations omitted; internal quotation marks omitted.)

Id., 468. A municipality "is required to exercise reasonable supervision over its streets and is chargeable with notice of what such supervision would disclose." *Mausch* v. *Hartford*, 184 Conn. 467, 469, 440 A.2d 157 (1981).

The defendant challenges the following portion of the court's jury charge on constructive notice: "You may consider whether the defendant inspected the premises on a reasonable basis or in any reasonable way in determining whether the defendant should have known of the unsafe condition or conditions. You may consider whether the defendant inspected the subject premises on a reasonable basis or in reasonable manner . . . in determining whether the defendant should have known of the condition had the defendant used reasonable care."[2]

The defendant argues that the instruction communicated to the jury that the defendant could be found liable if the defect would have been discovered if the particular portion of the sidewalk at issue had been examined. The defendant claims that the charge placed

---

[2] In its request to charge on that issue, the defendant sought a charge on constructive notice as follows: "The other kind of notice is called constructive notice. If the [c]ondition that is claimed to be defect[ive] was present for a sufficient length of time, that if the [c]ity was using reasonable efforts to inspect its roads it would have discovered the condition, you may find that the defendant had constructive notice."

After the court instructed the jury as noted, the jurors retired to the jury room to deliberate on the charges against the defendant. During jury deliberations, the jury sent a note to the court, requesting a clarification of a few disparate portions of the court's instructions. The jury's note stated: "The jury requests to re-hear excerpts from your charge to us pertaining to the following: 1. In the matter of law: a) what is the responsibility of the city of New Haven[?] 2. In evaluating whether the City of New Haven is responsible what are we to consider with regard to the plaintiff's behavior (e.g. '[due] care') or other items we should consider? 3. With respect to non-economic damages, what are the various categories that a jury should evaluate (e.g. pain & suffering.)?" In response to the jury's first question, the court reread the portion of the instruction previously quoted.

a higher burden on the defendant than is required under § 13a-149. The defendant argues that the appropriate test in determining whether the defendant had constructive notice is whether the defendant, in exercising reasonable supervision of its highways and sidewalks generally, had a sufficient time before the injury to discover the defect.

We agree with the defendant that the court, in its charge to the jury, improperly suggested that the duty incumbent on the defendant was to inspect the particular portion of the sidewalk at issue on a reasonable basis. We agree that the statute does not include such a specific requirement. Rather, the test for constructive notice is whether the defect, in this case the protruding signpost, would have been discovered had the defendant exercised reasonable supervision over its streets and sidewalks *as a whole*. Therefore, the duty imposed on the defendant is to exercise reasonable supervision over its streets and sidewalks as a whole, and not to inspect any particular portion of the sidewalks or roads. As such, the court's instruction to the jury was improper.

Determining that the court's charge was improper, however, does not end our inquiry. We must also determine whether the error was harmful before a new trial can be ordered. *Rubel* v. *Wainwright*, supra, 86 Conn. App. 743. "[I]t is axiomatic . . . that not every error is harmful. . . . [W]e have often stated that before a party is entitled to a new trial . . . he or she has the burden of demonstrating that the error was harmful. . . . An instructional impropriety is harmful if it is likely that it affected the verdict. . . . *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 243, 828 A.2d 64 (2003)." (Internal quotation marks omitted.) *Rubel* v. *Wainwright*, supra, 743. In *Schoonmaker*, our Supreme Court adopted the factors set out in the California Supreme Court's opinion in *Rutherford* v. *Owens-Illinois, Inc.*,

16 Cal. 4th 953, 983, 941 P.2d 1203, 67 Cal. Rptr. 2d 16 (1997), to determine whether an improper instruction was likely to have affected the result. *Rutherford* stated that "[t]he reviewing court should consider not only the nature of the error, including its natural and probable effect on a party's ability to place his full case before the jury, but the likelihood of actual prejudice as reflected in the individual trial record, taking into account (1) the state of the evidence, (2) the effect of other instructions, (3) the effect of counsel's arguments, and (4) any indications by the jury itself that it was misled." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, supra, 244.

The defendant claims that the charge was harmful because the challenged portion involved an essential element of the claim and because the jury specifically asked to rehear excerpts from the charge regarding the defendant's duty under the statute. We are unpersuaded.

Although the centrality of the charge and the jury's request to be recharged are factors relevant to our consideration, they alone do not answer the question of whether the jury was likely confused by the charge. That assessment would require a review of the trial evidence to determine what, if any, evidence the jury heard regarding the defendant's inspection of its streets or sidewalks. The record, however, contains no transcripts of testimony. "It is well established that [i]t is the responsibility of the appellant to provide an adequate record for review as provided in [Practice Book §] 61-10." (Internal quotation marks omitted.) *Kregos* v. *Stone*, 88 Conn. App. 459, 469–70, 872 A.2d 901 (2005). Practice Book § 61-10 provides in relevant part that "the term 'record' . . . includes all trial court decisions, documents and exhibits necessary and appropriate for appellate review of any claimed impropriety."

Because the defendant has failed to provide us with transcripts of the testimony of witnesses at trial, we cannot review the state of the evidence and the effect of the court's instructions on the jury. In determining whether the court's improper instruction concerning constructive notice was harmful, we necessarily must view that impropriety in the context of the totality of the evidence adduced at trial. Without the relevant transcripts, we are precluded from making the necessary assessment. For example, we cannot determine whether the defendant had an extensive program of inspection or none at all and, therefore, whether the improper jury instruction would have likely affected the verdict.[3] Put differently, we cannot determine whether there was overwhelming evidence that the defendant had constructive notice of the defect. Accordingly, we conclude that the defendant has failed to satisfy its burden of establishing that the impropriety was harmful in that it likely affected the result of the trial. Ultimately, we cannot say that the court abused its discretion by denying the defendant's motion to set aside the verdict.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[3] During oral arguments before this court, counsel for the defendant and for the plaintiff stated that there was evidence during trial that the defendant did not conduct affirmative inspections of its streets and sidewalks, and that the defendant relied solely on individuals to contact it regarding any defects of its sidewalks and streets. Counsels' stipulations during appellate oral arguments, however, are no substitute for trial transcripts and therefore do not atone for the record's inadequacies in this case.