## CHAD SHEPHERD *v.* SETH MITCHELL
### (AC 26396)

Flynn, C. J., and Bishop and Berdon, Js.

---

Argued February 9—officially released August 1, 2006

*F. Thomas Pachler*, with whom, on the brief, was *Stephanie M. Pillar*, for the appellant (defendant).

*R. Christopher Meyer*, with whom, on the brief, was *John H. Barton*, for the appellee (plaintiff).

*Opinion*

FLYNN, C. J. The defendant, Seth Mitchell, appeals from the judgment of the trial court awarding $56,937

in damages to the plaintiff, Chad Shepherd, plus $5830.45 in costs taxed to the defendant. On appeal, the defendant claims that the court improperly (1) permitted a former insurance adjuster, David Bussolotta, to testify, (2) denied the defendant's motion for a mistrial on the basis of unsupported findings and (3) taxed costs against the defendant.[1] We reject all of the defendant's claims and affirm the judgment of the trial court.

We set forth some of the pertinent procedural and factual history. The jury reasonably could have found that the plaintiff's pickup truck was struck from behind by the defendant's automobile while the plaintiff was stopped at a traffic light and that, as a result of the collision, the plaintiff suffered personal injuries.

In his complaint dated June 10, 2003, the plaintiff pleaded in paragraph five that the defendant "suddenly and without warning struck the vehicle operated by the [p]laintiff in the rear with great force and violent impact," causing the plaintiff personal injuries. In his original answer, the defendant denied all allegations of negligence and left the plaintiff to his proof concerning all other pertinent allegations.

Although the defendant later amended his answer at the time of trial[2] and admitted one of the acts of negligence specified, he continued to deny that the collision occurred with great force and violent impact. In her opening statement, the defendant's counsel emphasized

[1] The defendant also had claimed that the court improperly permitted the plaintiff to introduce the complaint, answer and amended answer into evidence after the closing statement of the defendant's counsel and that the court improperly instructed the jury to disregard certain statements made by the defendant's counsel during closing argument. These claims, which were briefed together as claim three in the defendant's appellate brief, expressly were abandoned during oral argument before this court.

[2] The amended answer, which was presented to the court on January 19, 2005, and marked as exhibit four, was dated August 22, 2003, the same date as the original answer, and it did not specify that it was an amended answer.

her theory of the case, namely, that the collision had been low impact. She told the jury that this was "not a huge accident" and that it would see a picture of the plaintiff's truck showing very little damage. Prior to trial, however, the plaintiff had conducted written and oral deposition discovery on this very issue. Interrogatory number eleven of the standard interrogatories had sought the name of the appraiser who had appraised or repaired the damage to the automobile owned or operated by the defendant. The defendant had answered that interrogatory: "Not applicable." In response to another interrogatory, the defendant had answered that there were "no photographs depicting the accident scene and/or depicting any condition of injury alleged to have been caused by the incident alleged in the complaint." The defendant's deposition of November 22, 2004, however, disclosed that his automobile indeed had been repaired in Danbury. The plaintiff then subpoenaed photographs, repair bills and estimates concerning these repairs. The defendant's counsel moved to quash the subpoena, and her motion represented that "the [d]efendant and his insurance company are not in possession of any factual documents that have not already been produced."

Nevertheless, as jury voir dire drew to a close, the defendant's counsel, on January 10, 2005, disclosed a damage estimate concerning the defendant's automobile that had been prepared by David Bussolotta, an adjuster for the defendant's insurer, the Infinity Insurance Company (Infinity). Bussolotta, however, had terminated his employment with Infinity prior to trial. Nevertheless, the plaintiff called Bussolotta as a witness, and Bussolotta testified that, in fact, he had prepared an estimate concerning damage to the defendant's automobile and had taken photographs of the damaged automobile. Bussolotta described the damage as "heavy front end damage to the 1997 Toyota

Corolla, a small unibody structured car." He went on to observe that "the damage to the front end was fairly severe where it actually folded the hood like an accordion."

The jury returned a verdict in favor of the plaintiff and awarded damages in the amount of $56,937, which the court then reduced by $4949 on the basis of collateral source payments. The defendant filed a motion to set aside the verdict, which was denied by the court. The plaintiff later filed a bill of costs and was awarded $5830.45. The defendant filed a motion for review of taxation of costs on March 30, 2005. The court granted review of the costs, but declined to modify them. This appeal followed.

I

The defendant first claims on appeal that the court improperly permitted Bussolotta to testify. Specifically, he argues: (a) "Bussolotta's testimony was irrelevant and highly prejudicial"; (b) "Bussolotta was never disclosed as an expert"; and (c) "Bussolotta was not credible and should not have been allowed to testify in front of the jury." We do not agree.

Initially, we determine our standard of review. The defendant's counsel has not clearly set forth the standard of review that she "believes should be applied" to this claim as is required by Practice Book §§ 67-4 (d) and 67-5 (d). Rather, she maintains in her brief that our standard of review is abuse of discretion, clearly erroneous and plenary. She then argues in her reply brief that the defendant is entitled to plain error review in relation to this claim. The plaintiff's counsel asserts that our standard of review is abuse of discretion. We agree with the plaintiff's counsel. "The trial court is given broad latitude in ruling on the admissibility of evidence, and [an appellate court] will not disturb such a ruling unless it is shown that the ruling amounted to

an abuse of discretion. [Additionally] [e]ven when a trial court's evidentiary ruling is deemed to be improper . . . a new trial [will be ordered] only if the ruling was both wrong and harmful. . . . [T]he standard in a civil case for determining whether an improper ruling was harmful is whether the . . . ruling [likely] would [have] affect[ed] the result." (Citations omitted; internal quotation marks omitted.) *Daley* v. *McClintock*, 267 Conn. 399, 403, 838 A.2d 972 (2004).

## A

The defendant first argues that the court should not have allowed Bussolotta to testify because his testimony was irrelevant and highly prejudicial. We disagree and conclude that Bussolotta's testimony was relevant to the plaintiff's case and that, although it was highly adverse to the defendant, it was not unduly prejudicial.

Section 4-1 of the Connecticut Code of Evidence provides in pertinent part that evidence is relevant if it has "any tendency to make the existence of any fact that is material to the determination of the proceeding more probable or less probable than it would be without the evidence." Nevertheless, relevant evidence may be excluded by the court "if its probative value is outweighed by the danger of unfair prejudice or surprise, confusion of the issues, or misleading the jury . . . ." Conn. Code Evid. § 4-3. All evidence that is adverse to an opposing party, by its very nature, is prejudicial because it is damaging to that party's position in the case. See *Berry* v. *Loiseau*, 223 Conn. 786, 806, 614 A.2d 414 (1992). Unfair prejudice exists, however, when the evidence "tends to have some adverse effect upon [the party against whom the evidence is offered] beyond tending to prove the fact or issue that justified its admission into evidence." (Internal quotation marks omitted.) *Ancheff* v. *Hartford Hospital*, 260 Conn. 785, 804, 799 A.2d 1067 (2002).

From the outset, the defendant's counsel portrayed this traffic accident as a minor accident, creating little damage. During opening statements, she specifically argued to the jury that it was "going to be hearing testimony . . . [that] show[ed] this was not a huge accident. The plaintiff was driving [a] pickup truck at the time, and he had little damage." The defendant also introduced into evidence photographs of the plaintiff's truck, which, indeed, showed little damage.

The plaintiff subpoenaed Bussolotta, who worked as an adjuster for the defendant's insurer at the time of the accident and had been responsible for processing this claim, to testify as to the condition of the defendant's automobile after it struck the plaintiff's truck. The defendant argues that the condition of his car was not relevant to the plaintiff's case, and, therefore, Bussolotta's testimony was not relevant. We cannot agree with such a contention. Certainly, the condition of the defendant's automobile, after rear-ending the plaintiff's truck, was relevant to assessing the force of the impact and the possible injuries suffered by the plaintiff as a result of this impact. After the defendant finally amended his answer at the start of the trial, admitting that he was negligent and that his automobile had struck the plaintiff's truck, the force of the impact remained one of the primary issues in this case. Bussolotta's testimony certainly was adverse to the defendant's position, but it was not irrelevant or unduly prejudicial. Although adverse to the defendant's stated position that the impact was minor, this testimony was relevant to show that the impact of the rear-end collision was substantial enough to have caused the plaintiff serious injuries. The plaintiff offered Bussolotta's testimony to prove the plaintiff's position that the impact was substantial and not minor. We conclude that this testimony properly was admitted and that the court did not abuse its discretion.

## B

The defendant next claims that Bussolotta should not have been allowed to testify because the plaintiff never disclosed him as an expert. We conclude that Bussolotta properly was allowed to testify as a fact witness and that he did not offer expert testimony.

The defendant's counsel raises this issue for the first time on appeal. During trial, she objected only to Bussolotta's testifying that he took photographs of the defendant's automobile. She specifically stated that she did not object to his testifying as a fact witness on the issue of the damage estimate he prepared or the extent of damage done to the defendant's automobile. After the defendant's counsel offered an objection, the court asked: "You're objecting, counsel, to this appraiser as a fact witness to the extent of the damage to the vehicle?" Counsel responded: "No, Your Honor. If he is going to just be put on the stand to admit the estimate and the extent of damage, I don't have any problem with that." The defendant's counsel then went on to explain that the basis for her objection related to any testimony that Bussolotta would offer as to photographs because "there's been no evidence that these photos exist." However, Bussolotta, as a fact witness, was prepared to and, in fact, did testify that he, personally, took photographs of the defendant's automobile, but that they no longer were in his possession. This was evidence being offered to show that photographs had existed. For the defendant's counsel to argue for the first time on appeal that Bussolotta's testimony was in the nature of expert testimony, when his testimony related to an estimate that he prepared, damage that he witnessed and photographs that he took, appears disingenuous. This testimony clearly was offered as a matter of fact and not as a matter of expert opinion.[3]

---

[3] The court was very careful in previewing Bussolotta's testimony, and in directing counsel, before Bussolotta testified in front of the jury, to ensure that the issue of insurance coverage was not interjected into the case improperly.

C

Next, the defendant claims that the court improperly permitted Bussolotta to testify because he was not credible and was biased. The defendant's counsel failed to raise this claim at trial and raises it for the first time on appeal. Accordingly, we decline to review it. "The standard for the preservation of a claim of improperly admitted evidence at trial is well settled. Practice Book § 60-5 provides in relevant part that [this] court shall not be bound to consider a claim unless it was distinctly raised at the trial . . . . Our rules of practice make it clear that counsel must object to a ruling of evidence [and] state the grounds upon which objection is made . . . to preserve the grounds for appeal. . . . These requirements are not simply formalities. . . . We consistently have stated that we will not consider evidentiary rulings where counsel did not properly preserve a claim of error by objection . . . ." (Citation omitted; internal quotation marks omitted.) *Rubel* v. *Wainwright*, 86 Conn. App. 728, 745, 862 A.2d 863, cert. denied, 273 Conn. 919, 871 A.2d 1028 (2005); see also Practice Book § 5-5.

II

We next address the defendant's claim that the court improperly denied his motion for a mistrial. The defendant specifically claims: "The trial court erred in denying the defendant's motion for [a] mistrial and subsequently making findings that were not supported by the record." In his brief, however, the defendant discusses only the court's factual findings and never discusses why he was entitled to a mistrial, nor does he provide any analysis as to how the court abused its discretion in denying his motion. Nevertheless, our review of the record and procedural history of the case leads us to the inevitable conclusion that the court did

not abuse the wide discretion vested in it in denying the defendant's motion for a mistrial.

In relation to this claim, the defendant sets forth several standards of review and does not request that we apply any one of them in particular. The plaintiff fails to set forth any applicable standard of review. "While the remedy of a mistrial is permitted under the rules of practice, it is not favored. . . . On appeal, we hesitate to disturb a decision not to declare a mistrial. The trial judge is the arbiter of the many circumstances which may arise during the trial in which his function is to assure a fair and just outcome. . . . The trial court is better positioned than we are to evaluate in the first instance whether a certain occurrence is prejudicial to the defendant and, if so, what remedy is necessary to cure that prejudice. . . . The decision whether to grant a mistrial is within the sound discretion of the trial court." (Internal quotation marks omitted.) *Label Systems Corp.* v. *Aghamohammadi,* 270 Conn. 291, 316–17, 852 A.2d 703 (2004).

The record reveals that on January 19, 2005, the defendant moved for a mistrial on the following grounds: (1) "the plaintiff has, essentially, tried a bad faith claim against Infinity . . . in this case, where the only issue is what injuries the plaintiff has proven as a result of [the defendant's] conduct"; and (2) the purpose of Bussolotta's testimony "was to imply that [the defendant,] either directly or through his insurance company, lost, destroyed [or] somehow did something with photographs" of the defendant's damaged vehicle.

In ruling on the motion for a mistrial, the court concluded that "in the context of the entire case . . . what [the defendant's] counsel is complaining of [does not] threaten the defense right to a fair trial." The court also concluded that there had been an abuse of discovery by the defendant's counsel and that, although its rulings

might constitute grounds for appeal, they did not constitute grounds for the granting of a mistrial. The court made several key findings when considering the defendant's motion for a mistrial. These included: (1) the defendant's counsel, herself, had answered an important interrogatory on the defendant's behalf, which the defendant later indicated was not his response; (2) the defendant knew that his vehicle had been repaired, but his counsel failed to provide this information to the plaintiff; (3) the defendant's insurer, acting on behalf of the defendant, knew that it had prepared a damage estimate, but that estimate "was intentionally not disclosed" by his counsel in a timely manner; (4) the estimate of damages was not produced until January 10, 2005, when jury selection was in progress; (5) the defendant's counsel repeatedly had represented that there were no appraisal or repair documents but, contrary to that representation, the defendant's counsel, in fact, had received from the defendant's insurer the damage estimate documents once by mail and a second time by facsimile; and (6) despite receiving the damage estimate, the defendant's counsel, in objections to interrogatories filed with the court, insisted that no such documents existed.

From our review of the record before us, we cannot and do not find any of the court's factual findings clearly erroneous, and we conclude that there is more than ample evidence in the record to support these findings.

As to the defendant's alleged grounds for a mistrial, we conclude that the court did not abuse its discretion in denying the motion on the grounds alleged. First, despite the defendant's contentions in his motion, no bad faith claim was brought or tried against Infinity. It is clear from the record before us that the court took pains to ensure that the company's name and the fact that the defendant was insured were not mentioned

before the jury. There is nothing in the record to support this ground for a mistrial.

Second, we conclude that Bussolotta's testimony was not unfair to the defendant. Contrary to the defendant's counsel's argument to the jury, Bussolotta testified that the damage to the defendant's automobile was extensive and that he had taken photographs of it, belying the defense theory that the collision was low impact and, therefore, unlikely to have caused the plaintiff injuries. Counsel, in representing the defendant, flouted the rules of practice in denying that repair estimates had been prepared. The plaintiff was entitled to put the truth of the matter before the jury that an estimate had been prepared and that repairs, indeed, had been made and that they were extensive. This testimony was relevant on the issue of whether the impact was severe enough to have caused extensive property damage and that it, therefore, could have caused the plaintiff's injuries and damages. On this basis, we conclude that the court did not abuse its discretion in denying the motion for a mistrial.

### III

The defendant's final claim on appeal is that the court improperly granted "the plaintiff's bill of costs when the defendant was not provided with an opportunity to object and subsequently disregarded the defendant's objection to the bill of costs." We conclude that the defendant's claim is not reviewable because he did not amend his appeal to include the order granting review of, but refusing to modify, the taxation of costs. See Practice Book § 61-9;[4] see also *Jewett* v. *Jewett*, 265 Conn. 669, 673 n.4, 830 A.2d 193 (2003).

---

[4] Practice Book § 61-9 provides in relevant part: "Should the trial court, subsequent to the filing of the appeal, make a decision which the appellant desires to have reviewed, the appellant shall file an amended appeal form in the trial court within twenty days from the issuance of notice of the decision as provided for in Section 63-1. At the time the amended appeal form is filed, the appellant shall submit a copy thereof, endorsed in accor-

The defendant, again, refers to several different standards of review in his appellate brief with no specific request that we apply any one in particular to this claim. The plaintiff states, and we agree, that our standard of review is abuse of discretion.

Our rules of practice provide that a prevailing party may ask that costs be taxed against the party who suffered judgment. Practice Book (2005) § 18-5 provides: "(a) Costs may be taxed by the clerk in civil cases fourteen days after the filing of a written bill of costs provided that no objection is filed. If a written objection is filed within the fourteen day period, notice shall be given by the clerk to all appearing parties of record of the date and time of the clerk's taxation. The parties may appear at such taxation and have the right to be heard by the clerk.

"(b) Either party may move the judicial authority for a review of the taxation by the clerk by filing a motion for review of taxation of costs within twenty days of the issuance of the notice of taxation by the clerk."

In this case, the plaintiff filed a bill of costs dated February 11, 2005, with the clerk, seeking reimbursements for costs in the amount of $5830.45. The certification on the plaintiff's bill of costs, signed R. Christopher Meyer, indicated that the plaintiff's counsel mailed a copy of the bill of costs to the defendant's counsel on February 11, 2005. It is not completely clear from the record, however, on what date the bill of costs was filed with the clerk of the Superior Court. We have received both the copy of the clerk's original file forwarded to us on appeal and the original clerk's file. No date stamp appears on the bill of costs to indicate the date of filing with the clerk. However, the file does

dance with Section 63-3, to the appellate clerk together with any amendments to the documents required by Section 63-4. . . ."

contain a record showing that the clerk sent out computerized notices to counsel on March 3, 2005, stating that the plaintiff had filed a bill of costs dated February 11, 2005, and notifying all parties that a voucher for the bill of Edward Staub, an orthopedic surgeon and an expert witness for the plaintiff, would have to be filed by the plaintiff pursuant to Practice Book § 18-1 et seq. This voucher was filed by the plaintiff on March 11, 2005, and the clerk taxed costs on March 15, 2005, more than one month after the plaintiff's counsel certified that he had mailed a copy of the bill of costs to the defendant's counsel and ten days after the clerk had sent the computerized notice to both parties. On March 30, 2005, the defendant filed a "motion for review of taxation of costs."

On April 14, 2005, the court sent a notice to the defendant's counsel, which stated in relevant part: "The court having considered the defendant's motion for review of taxation of costs . . . has issued the following order: Granted in part. The clerk properly approved the bill of costs having received no objection from the defendant. Although [the defendant's] counsel claims that she never received the plaintiff's bill of costs to date [the defendant's] counsel has not objected to the bill of costs nor has she moved for an extension of time to do so. The court takes notice that the clerk notified [the defendant's] counsel of the filing of the bill of costs by notice dated [March 3, 2005]. Putting aside the failure of the defendant to file an . . . objection, the court has reviewed the bill of costs and finds that they are reasonable and in order, including the cost related to Dr. Staub, particularly in light of his travel time, education background, and experience."

On appeal, the defendant specifically argues: "An objection to the bill of costs and motion for review of taxation of costs were filed on March 30, 2005. In response, the trial judge again stated that an objection

to the bill of costs was never filed, but then briefly responded to the defendant's objection regarding the $5000 expert witness fee Dr. Staub charged. Having responded, although only partially, to the objection, it is clear that the trial judge had, in fact, received an objection to the bill of costs." We find this assertion not only unfair to the trial judge, but misleading to this Appellate Court. The defendant has not provided a copy of an objection to the bill of costs in the return of record, his brief or his appendix. We thoroughly have searched through the Appellate Court file and taken additional steps to secure and review the original trial court file as well as the case detail sheet. Nevertheless, despite the contention of the defendant's counsel that "it is clear that the trial judge had, in fact, received an objection," we are unable to find an objection filed on behalf of the defendant. Additionally, in the defendant's motion for review of taxation of costs, itself, he specifically represented: "Since [the defendant's] [c]ounsel never received the [b]ill of [c]osts or the supporting documents, there was no opportunity to object." In the defendant's motion for review of taxation of costs, he specifically complained about the $5000 fee charged by Staub, from which the court apparently received its inkling that the defendant disputed this amount, but a motion for review of taxation of costs is *not* an objection to a bill of costs. See Practice Book § 18-5. As is plainly set forth in W. Horton & K. Knox, 1 Connecticut Practice Series: Connecticut Superior Court Rules (2005 Ed.) § 18-5, authors' comments, p. 822: "In civil actions, the prevailing party prepares a bill of costs and submits it to his opponent. If there is no objection, the clerk will approve the bill of costs. If there is an objection, the clerk or assistant clerk will set a hearing and assess costs. If [the] party is still aggrieved, he may appeal directly to the court through this motion for review." In this case, the defendant improperly appealed from

the taxation of costs without ever having filed an objection to it.

Despite the defendant's complete failure to file an objection to the taxation of costs, the court considered the motion for review and the issues raised therein. The defendant, however, has not filed an amended appeal to include the court's order granting review of the costs, but denying a modification thereof.[5]

Regardless of what date between February 11 and March 3, 2005, that the plaintiff actually filed his request for taxation of costs, it is clear from the record in this case that the defendant was put on notice from the clerk's office on March 3, 2005, that the plaintiff had requested that costs be taxed against the defendant. No objection to that request was filed, nor has one ever been filed. Additionally, a request for additional time was never filed, nor was a request for permission to file a late objection ever filed. More important to this issue on appeal, the defendant filed the present appeal on March 22, 2005. On April 11, 2005, the court granted the motion to review the taxation of costs, but refused to modify it. The defendant did not file an amended appeal to include this later order. Accordingly, we conclude that the defendant's claim is not reviewable.

The judgment is affirmed.

In this opinion the other judges concurred.

---

[5] Nevertheless, we can find nothing in the record to indicate that the taxation of costs was improper or unjust.