KATHLEEN F. BICIO *v.* CHRISTOPHER J. BREWER
(AC 25462)

Schaller, Harper and Hennessy, Js.

 

Argued March 21—officially released November 1, 2005

*Zbigniew S. Rozbicki*, for the appellant (plaintiff).

*Ronald D. Williams, Jr.*, for the appellee (defendant).

*Opinion*

SCHALLER, J. The plaintiff, Kathleen F. Bicio, appeals from the judgment of the trial court rendered in favor of the defendant, Christopher J. Brewer. On appeal, the plaintiff claims that the court improperly (1) dismissed her negligence claim and (2) failed to instruct the jury on reckless driving. We affirm the judgment of the trial court.

The following facts and procedural history are relevant to our discussion. On October 22, 2002, the plaintiff commenced the present action by way of a two count complaint. Count one of the plaintiff's complaint set forth a negligence cause of action against the defendant. She alleged that on January 6, 2001, while she was operating her motor vehicle in Canton, the defendant was operating an ambulance owned by the state that collided with her vehicle. She claimed that the defendant failed to stop at a red traffic signal, thereby causing

the accident and her resulting injuries.[1] The plaintiff, in paragraph nine of her complaint, alleged nine grounds of negligence on the part of the defendant.

Count two of the plaintiff's complaint incorporated several paragraphs from count one and alleged a cause of action for recklessness. One of the incorporated paragraphs stated in relevant part: "9. The Plaintiff's injuries and losses were caused directly by Defendant Brewer's negligence and carelessness in one or more of the following respects . . . (d) The Defendant was operating the State vehicle recklessly, having no regard to the width, traffic and use of such highway, the intersection of streets and weather conditions and at such a rate of speed as to endanger the life of the Plaintiff in violation of [General Statutes] § 14-222 . . . ."

On January 15, 2003, the defendant filed his answer and raised two special defenses, the first of which claimed that at the time of the accident, he was an employee of the state and was acting within the scope of his employment, and therefore the plaintiff's negligence claim was barred pursuant to General Statutes § 4-165.[2] The second special defense alleged that the plaintiff's injuries and damages were caused by her negligence.

On October 14, 2003, the defendant filed a motion to dismiss the first count of the complaint. In his motion, the defendant argued that the court lacked subject matter jurisdiction because of the doctrine of sovereign immunity. On February 23, 2004, after reviewing the briefs submitted by counsel and hearing oral argument,

---

[1] At the time of the accident, the ambulance's sirens and flashing lights were engaged.

[2] General Statutes § 4-165 provides in relevant part: "No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a complaint for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . ."

the court issued its decision and granted the defendant's motion to dismiss count one. The court determined that the defendant could not be sued in an individual capacity in negligence because he was immune from suit pursuant to § 4-165. The parties then proceeded to trial on the second count only.

Both parties submitted proposed jury instructions. The plaintiff requested that the court charge the jury with respect to both common-law and statutory recklessness on the basis of § 14-222.[3] The court did not give the charge requested by the plaintiff and instructed the jury solely with respect to common-law recklessness.[4]

[3] General Statutes § 14-222 (a) provides in relevant part: "No person shall operate any motor vehicle upon any public highway of the state, or any road of any specially chartered municipal association or of any district organized under the provisions of chapter 105, a purpose of which is the construction and maintenance of roads and sidewalks, or in any parking area for ten cars or more or upon any private road on which a speed limit has been established in accordance with the provisions of section 14-218a or upon any school property recklessly, having regard to the width, traffic and use of such highway, road, school property or parking area, the intersection of streets and the weather conditions. The operation of a motor vehicle upon any such highway, road or parking area for ten cars or more at such a rate of speed as to endanger the life of any person other than the operator of such motor vehicle, or the operation, downgrade, upon any highway, of any motor vehicle with a commercial registration with the clutch or gears disengaged, or the operation knowingly of a motor vehicle with defective mechanism, shall constitute a violation of the provisions of this section. The operation of a motor vehicle upon any such highway, road or parking area for ten cars or more at a rate of speed greater than eighty-five miles per hour shall constitute a violation of the provisions of this section."

[4] The court instructed the jury as follows: "Reckless misconduct is something more than negligence. It is more than gross negligence. The state of mind amounting to recklessness may be inferred from conduct. But in order to infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Reckless requires a conscious choice of action. Excuse me, reckless requires a conscious choice of a course of action involving serious danger to others, either with the knowledge of that serious danger or with the knowledge of facts which a reasonable person would recognize as being serious danger to others.

"To constitute wanton misconduct, the actor must be conscious of his conduct and, though having no intent to injure, must be conscious of his knowledge of the surrounding circumstances and existing conditions that his course of conduct will probably or naturally cause injury.

On March 2, 2004, the jury returned a verdict in favor of the defendant. On April 6, 2004, after the plaintiff filed a motion to set aside the verdict and for a new trial, the court issued its decision in the defendant's favor and rendered judgment accordingly. This appeal followed. Additional facts will be set forth as necessary.

I

The plaintiff first claims that the court improperly dismissed her negligence claim. Specifically, the plain-

"Misconduct, to be wilful, must result from a design [or] purpose and intent to do wrong and inflict injury.

"While the courts have attempted to draw definitional distinctions between the terms wilful, wanton or reckless, in practice, the three terms have been treated as meaning the same thing. The result is that wilful or wanton or reckless misconduct tends to take on the aspect of highly unreasonable conduct involving an extreme departure from the ordinary care in a situation where a high degree of danger is apparent.

"Now, because recklessness is the charge here, I am going to do—I am going to read that section to you a second time.
* * *
"Now, in this case, the plaintiff, again, is only required to prove one of those three things, although the court and the law treat them as the same. So, if you find that conduct was reckless or wanton or wilful, and you find that the plaintiff has in fact proven that by a fair preponderance of the evidence, proven one of those three, then you can find [on] behalf of the plaintiff. If you find that he has not proven—or that she has not proven, in this case, by a fair preponderance of the evidence one of those three, reckless, wanton or wilful conduct, then you must find on behalf of the defendant.

"Thus, in order for the plaintiff to prevail, she must prove by a preponderance of the evidence that the defendant entered a congested intersection without looking to see if the traffic light was green or red, at a high rate of speed under the circumstances, and that this conduct constituted reckless or wanton or wilful misconduct as I have defined [those terms] for you.

"Now, in considering the defendant's conduct, you may consider General Statutes § 14-283, which governs the operation of an emergency vehicle. The pertinent parts of the statute are: The operator of any emergency vehicle and the paramedic—and the paramedic vehicle here qualifies as an emergency vehicle—may proceed past any red light or stop sign or stop signal, but only after slowing down or stopping to the extent necessary for the safe operation of such vehicle; he may exceed the posted speed limits or other limits imposed by statutes so long as he does not endanger life or property by doing so. And the provisions of this section shall not relieve the operator of an emergency vehicle from the duty to drive with due regard for the safety of all persons and property.

"In the event that you find that [the defendant] went through a red light and, or, violated the provisions of § 14-283, that in and of itself does not

tiff argues that the dismissal of count one of the complaint was improper because the state, although not a named defendant, was the real party against whom relief was sought. According to the plaintiff, the court should have applied General Statutes § 52-556[5] because the allegations set forth in her complaint indicated that the true defendant was the state. We disagree.[6]

In the writ of summons, the plaintiff named only the defendant.[7] Similarly, service was made solely on the defendant, and the record contains no indication that the state was ever formally notified by the plaintiff of the pending action.[8] The only parties, therefore, are the plaintiff and the defendant.

necessarily make his actions reckless. You must still determine whether the plaintiff has proven by a preponderance of the evidence his action to be reckless or wanton or wilful as I have defined those terms for you."

[5] General Statutes § 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage *shall have a right of action against the state to recover damages for such injury.*" (Emphasis added.)

The plain language of the statute authorizes an action against the state. As we indicate in our opinion, however, the plaintiff never attempted to bring an action against the state, but instead chose to name Brewer as the only defendant in her complaint.

[6] We note that in reaching our conclusion with respect to this issue, we decline to consider any of the merits of the plaintiff's underlying complaint. See *Navin* v. *Essex Savings Bank*, 82 Conn. App. 255, 258–59, 843 A.2d 679, cert. denied, 271 Conn. 902, 859 A.2d 563 (2004).

[7] "[A] writ of summons is a statutory prerequisite to the commencement of a civil action. . . . [*I*]*t is an essential element to the validity of the jurisdiction of the court.* . . . [T]he writ of summons need not be technically perfect, and need not conform exactly to the form set out in the Practice Book . . . . A writ must contain a direction to a proper officer for service and a command to summon the defendant to appear in court." (Citation omitted; emphasis added; internal quotation marks omitted.) *Boyles* v. *Preston*, 68 Conn. App. 596, 605, 792 A.2d 878, cert. denied, 261 Conn. 901, 802 A.2d 853 (2002).

[8] We acknowledge that in her complaint, the plaintiff alleged that the defendant was operating the ambulance, a state vehicle, in the course of his employment with the state. Such an allegation, however, does not extend any sort of formal notice of the action to the state.

We begin our analysis with a brief discussion concerning jurisdiction. "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." *Connecticut State Employees Assn., Inc.* v. *Connecticut Personnel Policy Board*, 165 Conn. 448, 456, 334 A.2d 909 (1973). As our Supreme Court has explained, "[j]urisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court." (Internal quotation marks omitted.) *Bridgeport* v. *Debek*, 210 Conn. 175, 179, 554 A.2d 728 (1989).

It is well established in our jurisprudence that "[a] challenge to a court's personal jurisdiction, however, is waived if not raised by a motion to dismiss within thirty days of the filing of an appearance. *Pitchell* v. *Hartford*, 247 Conn. 422, 433, 722 A.2d 797 (1999) ([t]he rule specifically and unambiguously provides that any claim of lack of jurisdiction over the *person* as a result of an insufficiency of service of process is *waived* unless it is raised by a motion to dismiss filed within thirty days [after the filing of an appearance] in the sequence required by Practice Book § 10-6); see also Practice Book § 10-32 ([a]ny claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss)." (Emphasis added; internal quotation marks omitted.) *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 32, 848 A.2d 418 (2004); *Connor* v. *Statewide Grievance Committee*, 260 Conn. 435, 445, 797 A.2d 1081 (2002); see Practice Book § 10-30; see also *Connecticut Light & Power Co.* v. *St. John*, 80 Conn. App. 767, 772 n.7, 837 A.2d 841 (2004); *Rosario* v. *Hasak*, 50 Conn. App. 632, 639 n.8, 718 A.2d 505 (1998). We are not faced with a circumstance, however, where there has been some defect in the service by the plaintiff with respect to the state. Were that the case,

the waiver rule would apply. Instead, the facts and circumstances of the present case differ in that *no service* and *no attempt of service* was ever made on the state. Accordingly, the general waiver rule with respect to jurisdiction over the person is inapplicable.

We are persuaded that in the present case, any judgment affecting or pertaining to the state would be improper because the court lacked jurisdiction over the state as a result of the plaintiff's failure to serve the state. The reasoning in a trilogy of our cases, the first of which is *Delio* v. *Earth Garden Florist, Inc.*, 28 Conn. App. 73, 609 A.2d 1057 (1992), supports our conclusion. In *Delio*, the plaintiff appealed from the judgment of the trial court confirming an arbitration award. Id., 74. On appeal, the plaintiff first claimed that the court was without jurisdiction to render judgment in favor of a person, Katherine Blankenship, who was not named as a party to the action. Id., 76–77. We agreed with the plaintiff and stated: "[W]e conclude that because [Blankenship] was not a named party, the trial court was without jurisdiction to render judgment in her favor. *The jurisdiction of the trial court is limited to those parties expressly named in the action coming before it. . . . Until one is given notice of the actions or proceedings against him and is thereby given opportunity to appear and be heard, the court has no jurisdiction to proceed to judgment either for or against him even though it may have jurisdiction of the subject matter.* One who is not served with process does not have the status of a party to the proceeding. . . . A court has no jurisdiction over persons who have not been made parties to the action before it. . . . We, therefore, vacate the judgment as it pertains to Katherine Blankenship." (Citations omitted; emphasis added; internal quotation marks omitted.) Id., 77.

We applied the *Delio* reasoning in another arbitration case, *Exley* v. *Connecticut Yankee Greyhound Racing,*

*Inc.*, 59 Conn. App. 224, 755 A.2d 990, cert. denied, 254 Conn. 939, 761 A.2d 760 (2000). In *Exley*, the trial court vacated the arbitration award, if any, in favor of the plaintiff against an entity known as Plainfield Pets Program, Inc. (Plainfield Pets), and the plaintiff cross appealed, challenging that action. We stated: "To the extent that the trial court vacated the award, if any, against Plainfield Pets, our review of the record discloses that (1) Plainfield Pets was not a party to the arbitration proceeding, (2) the arbitrator did not render an award against Plainfield Pets and (3) Plainfield Pets was not a party to either of the applications that were filed in the Superior Court.

"Even if we were to conclude that the arbitrator had rendered an award against Plainfield Pets, the trial court lacked jurisdiction to approve or vacate the award. . . . Had the arbitrator rendered an award against Plainfield Pets, we would have reversed any trial court judgment approving or vacating the award against Plainfield Pets because it was not a party to the proceedings." (Citations omitted.) Id., 234–35.

Finally, in *General Motors Acceptance Corp.* v. *Pumphrey*, 13 Conn. App. 223, 225, 535 A.2d 396 (1988), we stated that "[t]he basic issue to be decided is whether the failure to issue a summons to a party precluded the court from obtaining personal jurisdiction over that party, thereby voiding a judgment by default for failure to appear rendered more than four months prior to the motion to open the judgment." In *General Motors Acceptance Corp.*, which involved a third party defendant, we stated that "[s]ervice of process on a party in accordance with the statutory requirements is a prerequisite to a court's exercise of in personam jurisdiction over that party. *White-Bowman Plumbing & Heating, Inc.* v. *Biafore*, 182 Conn. 14, 16–17, 437 A.2d 833 (1980); *Clover* v. *Urban*, 108 Conn. 13, 17, 142 A. 389 (1928)." *General Motors Acceptance Corp.*

v. *Pumphrey*, supra, 227. We further indicated that "[n]o principle is more universal than that the judgment of a court without jurisdiction is a nullity. . . . Such a judgment, whenever and wherever declared upon as a source of right, may always be challenged. . . . If a court has never acquired jurisdiction over a defendant or the subject matter . . . any judgment ultimately entered is void and subject to vacation or collateral attack." (Citation omitted; internal quotation marks omitted.) Id., 229.

We believe that fundamental fairness requires that service be made on the party, in this case the state, so that it can participate in the proceedings and have the opportunity to assert whatever defenses might apply.[9] In the present case, the plaintiff never attempted to serve process on the state. See, e.g., General Statutes § 52-64;[10] see also *Reitzer* v. *Board of Trustees of State Colleges*, 2 Conn. App. 196, 203–204, 477 A.2d 129 (1984). Accordingly, the state was never made a party to the

---

[9] We are not persuaded by the arguments of the plaintiff that the state can act only through its agents and, therefore, any action against an agent or employee of the state constitutes a direct action against the state. A simple example demonstrates the fatal flaw in that argument. For the purposes of this example, we assume that the defendant was employed by a private corporation that, like the state, can act only through it agents. In order to impose vicarious liability under the doctrine of respondeat superior, a plaintiff would formally have to cite in the employer. A plaintiff could not simply file an action against the employee, alleging that he or she was acting within the scope of employment, obtain a judgment and then attempt to collect that judgment against the employer, a nonparty. That would unfairly deprive the employer of notice of the action and the ability to assert any defenses it might have, separate and distinct from those of the employee.

[10] General Statutes § 52-64 provides: "Service of civil process in any civil action or proceeding maintainable against or in any appeal authorized from the actions of, or service of any foreign attachment or garnishment authorized against, the state or against any institution, board, commission, department or administrative tribunal thereof, or against any officer, servant, agent or employee of the state or of any such institution, board, commission, department or administrative tribunal, as such, may be made by leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General or at his office in Hartford."

action and, as a result, the court lacked jurisdiction to render judgment against the state.

II

The plaintiff next claims that the court improperly instructed the jury as to reckless driving. Specifically, the plaintiff argues that the court should have instructed the jury with respect to the definition of statutory recklessness pursuant to § 14-222. We disagree.

At the outset of our discussion, we set forth the applicable standard of review. "[I]t is fundamental in our law that the right of a plaintiff to recover is limited to the allegations of his complaint. . . . Consequently, [a] plaintiff [is] entitled to have the jury correctly, fairly and adequately instructed in accordance with the matters and law in issue by virtue of the pleadings and the evidence in the case . . . and [t]he trial court need charge only on those points of law that arise pursuant to the claims of proof advanced by the parties in their pleadings. . . . [T]he interpretation of pleadings is always a question of law for the court . . . . [Our Supreme Court has] pointed out that [t]he burden [is] upon the pleaders to make such averments that the material facts should appear with reasonable certainty . . . ." (Citation omitted; internal quotation marks omitted.) *Rubel* v. *Wainwright*, 86 Conn. App. 728, 739, 862 A.2d 863, cert. denied, 273 Conn. 919, 871 A.2d 1028 (2005).

With the foregoing principles in mind, we turn to the plaintiff's specific claims. In its memorandum of decision, the court stated that "[i]n paragraph 9 (d) of the first count, the plaintiff alleges that the defendant was negligent by operating his motor vehicle recklessly in violation of § 14-222, the reckless driving statute. The plaintiff argues that even though the first count was dismissed, the incorporation of these paragraphs in the second count survives the dismissal and requires the

court to charge the jury on statutory recklessness. The court finds no basis for this claim. Paragraph 9 (d) of the first count simply stated one way in which the defendant's actions constituted negligence. The plaintiff, after the court dismissed the first count, could have moved to amend the second count to allege statutory recklessness. The plaintiff decided to proceed to trial only on the remaining allegations in count two, which alleged common-law recklessness only. The right of a plaintiff to recover is limited by the allegations of [his] complaint . . . . [Because] the plaintiff did not specifically plead statutory recklessness in the second count, the court denied the plaintiff's request to charge the jury on statutory recklessness." (Citations omitted.)

As we noted in part I, the court properly dismissed the first count of the plaintiff's complaint sounding in negligence. The plaintiff argues that count two of the complaint incorporated paragraph nine of the first count so as to be paragraph nine of count two. We agree with the plaintiff as to that general proposition and set forth the exact language of paragraph nine as incorporated into count two: Paragraph nine states in relevant part: *"The Plaintiff's injuries and losses were caused directly by the Defendant Brewer's negligence and carelessness* in one or more of the following respects . . . (d) The Defendant was operating the State vehicle recklessly, having no regard to the width, traffic and use of such highway, the intersection of streets and weather conditions and at such a rate of speed as to endanger the life of the Plaintiff in violation of § 14-222 of the [General] Statutes." (Emphasis added.)

The plaintiff's argument focuses solely on a portion of the incorporated language that mentioned the reckless driving statute, § 14-222. The problem, however, lies in the fact that the entire paragraph must be read as incorporated into count two. That incorporated lan-

guage clearly indicated a claim sounding in negligence. Of course, "[a] cause of action claiming wanton and reckless misconduct is separate and distinct from a cause of action alleging negligence." (Internal quotation marks omitted.) *Belanger* v. *Village Pub I, Inc.*, 26 Conn. App. 509, 513, 603 A.2d 1173 (1992); *Brown* v. *Branford*, 12 Conn. App. 106, 109, 529 A.2d 743 (1987); D. Wright, J. Fitzgerald & W. Ankerman, Connecticut Law of Torts (3d Ed. 1991) § 61, p. 158.

We are guided by our Supreme Court's decision in *Kostiuk* v. *Queally*, 159 Conn. 91, 267 A.2d 452 (1970). In *Kostiuk*, the plaintiff sought recovery following a motor vehicle accident, and alleged in his one count complaint several acts of negligence and one claim of recklessness in violation of § 14-222. Id., 92–93. The trial court instructed the jury on both negligence and recklessness as alternative theories of liability. Id., 93. On appeal, following the verdict in the plaintiff's favor, the defendant claimed that the court improperly instructed the jury because the allegations contained in the complaint did not warrant a charge on reckless and wanton misconduct. Id., 93–94. In agreeing with the defendant and reversing the judgment, our Supreme Court stated: "[T]he plaintiff alleged in one paragraph all of the defendant's acts which were claimed to have caused the injury. That paragraph set forth eight ways in which the defendant allegedly caused the plaintiff's injuries by his carelessness and negligence. Seven of the specified acts refer only to negligence; the other refers to the defendant's operation of his vehicle in a reckless manner . . . in violation of Section 14-222 of the General Statutes. *We do not think that such a brief reference to recklessness, contained within a count which otherwise is clearly limited to ordinary negligence, is sufficient to raise a claim of reckless and wanton misconduct. Simply using the word reckless or*

*recklessness is not enough.*" (Emphasis added; internal quotation marks omitted.) Id., 94.

In the present case, paragraph nine of the first count listed several ways in which the plaintiff alleged that the defendant negligently caused the accident and her resulting injuries. In subsection (d), there is a brief reference to § 14-222. The entire paragraph is incorporated by reference into count two. There is no additional mention of § 14-222; instead, there are additional paragraphs in count two setting forth a claim of common-law recklessness. Simply put, the incorporated paragraph clearly sounded in negligence, and we are not persuaded that the brief mention of § 14-222 in a negligence paragraph, on its own, was sufficient to set forth a claim of statutory recklessness. "Where a complaint is one sounding in negligence and that negligence is alleged to consist in part in a violation of the statute forbidding the reckless operation of motor vehicles, the action will remain purely one of negligence." Id., 95.

Furthermore, even if we were to assume arguendo that the court should have instructed the jury with respect to statutory recklessness, we conclude that under the facts and circumstances of this case, the plaintiff has failed to show any harm. In her brief, the plaintiff has failed to demonstrate how she was harmed by the instruction[11] provided by the court with respect

---

[11] "Our standard of review concerning preserved claims of improper jury instruction is well settled. . . . A jury instruction must be considered in its entirety, read as a whole, and judged by its total effect rather than by its individual component parts. . . . [T]he test of a court's charge is not whether it is as accurate upon legal principles as the opinions of a court of last resort but whether it fairly presents the case to the jury in such a way that injustice is not done to either party under the established rules of law. . . . As long as [the instructions] are correct in law, adapted to the issues and sufficient for the guidance of the jury . . . we will not view the instructions as improper. . . . Therefore, [o]ur standard of review on this claim is whether it is reasonably probable that the jury was misled." (Internal quotation marks omitted.) *Rubel* v. *Wainwright*, supra, 86 Conn. App. 734–35; *Mariculture Products Ltd.* v. *Certain Underwriters at Lloyd's of London*, 84 Conn. App. 688, 701, 854 A.2d 1100, cert. denied, 272 Conn. 905, 863 A.2d

to recklessness.[12] The plaintiff, therefore, has failed both to demonstrate the harm of the court's instruction and to brief the issue adequately. "We are not required to review issues that have been improperly presented to this court through an inadequate brief. . . . Analysis, rather than abstract assertion, is required in order to avoid abandoning an issue by failure to brief the issue properly. . . . Where a claim is asserted in the statement of issues but thereafter receives only cursory attention in the brief without substantive discussion or citation of authorities, it is deemed to be abandoned." (Citation omitted; internal quotation marks omitted.) *Haggarty* v. *Williams*, 84 Conn. App. 675, 684, 855 A.2d 264 (2004). We conclude, therefore, that the plaintiff's claim is without merit.

The judgment is affirmed.

In this opinion the other judges concurred.

---

698 (2004). We note that our Supreme Court has instructed that "not every error is harmful. . . . [W]e have often stated that before a party is entitled to a new trial . . . he or she has the burden of demonstrating that the error was harmful. . . . An instructional impropriety is harmful if it is likely that it affected the verdict." (Internal quotation marks omitted.) *Schoonmaker* v. *Lawrence Brunoli, Inc.*, 265 Conn. 210, 243, 828 A.2d 64 (2003).

[12] In discussing the harm of the court's alleged improper instructions, the plaintiff's brief contains the following: "To be harmful, the error committed by the trial court must be so fundamental that it may work injustice and, in this case, it did work injustice under the described facts and rulings. *DeSantis* v. *Piccadilly Land Corp.*, 3 Conn. App. 310, 316 [487 A.2d 1110 (1985)]."