KENNETH E. BOWEN *v.* KEVIN A. SEERY
(AC 27287)

DiPentima, Harper and Foti, Js.

Argued November 14, 2006—officially released February 20, 2007

*Michael L. Anderson,* for the appellant (plaintiff).

*Ronald D. Williams, Jr.,* for the appellee (defendant).

*Opinion*

DiPENTIMA, J. The plaintiff, Kenneth E. Bowen, appeals from the trial court's judgment of dismissal of his negligence action, claiming that the real party in interest is the state of Connecticut rather than the named defendant, Kevin A. Seery. The court dismissed the action after determining that it had no subject matter jurisdiction over the named defendant under General Statutes § 4-165 and that by failing to make the state a party to this action, the plaintiff could not recover under General Statutes § 52-556.[1] The plaintiff argues that the court improperly applied the law of *Bicio* v. *Brewer,* 92 Conn. App. 158, 884 A.2d 12 (2005). We disagree and affirm the judgment of dismissal.

The following facts and procedural history are relevant to our resolution of the plaintiff's appeal. In June, 2004, the plaintiff brought this action in a one count complaint, alleging that the defendant, a member of the Connecticut state police, negligently struck the plaintiff's vehicle, causing him to suffer injuries. On August 13, 2004, the defendant filed an answer, special defenses and a motion to dismiss. In his motion to dismiss, the

---

[1] General Statutes § 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury."

defendant argued that the action was barred by sovereign immunity and that the court lacked subject matter jurisdiction. On October 20, 2004, the plaintiff filed a request to amend his complaint to add a count alleging wanton, reckless and malicious misconduct against the defendant. The court denied the motion to dismiss on August 9, 2005, simply noting in its ruling, "see amended complaint." Thereafter, the defendant filed a motion to reargue the denial of the motion to dismiss, citing *Federal Deposit Ins. Corp.* v. *Peabody, N.E., Inc.*, 239 Conn. 93, 99–100, 680 A.2d 1321 (1996), for the proposition that the court was precluded from considering the amended complaint, filed subsequent to the motion to dismiss.

The plaintiff objected to the defendant's motion to reargue, arguing that the real party in interest was the state of Connecticut and that the court had subject matter jurisdiction under § 52-556. On December 6, 2005, the court issued a memorandum of decision reconsidering its previous denial of the motion to dismiss and rendering judgment of dismissal. This appeal followed.

Before we address the merits of the plaintiff's claim, we set forth the legal principles that guide our review. "Jurisdiction involves the power in a court to hear and determine the cause of action presented to it and its source is the constitutional and statutory provisions by which it is created." *Connecticut State Employees Assn., Inc.* v. *Connecticut Personnel Policy Board*, 165 Conn. 448, 456, 334 A.2d 909 (1973). As our Supreme Court has explained, "[j]urisdiction over the person, jurisdiction over the subject-matter, and jurisdiction to render the particular judgment are three separate elements of the jurisdiction of a court. . . . Facts showing the service of process in time, form, and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person." (Internal quotation marks omitted.)

*Bridgeport* v. *Debek*, 210 Conn. 175, 179–80, 554 A.2d 728 (1989); *Castro* v. *Viera*, 207 Conn. 420, 433–34, 541 A.2d 1216 (1988).

Under our well established jurisprudence, "[a] challenge to a court's personal jurisdiction . . . is waived if not raised by a motion to dismiss within thirty days [after the filing of an appearance]." *Lostritto* v. *Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 32, 848 A.2d 418 (2004); see also *Pitchell* v. *Hartford*, 247 Conn. 422, 433, 722 A.2d 797 (1999); Practice Book § 10-32. The general waiver rule, however, is inapplicable in situations in which there has been no service of process or attempt of service. *Bicio* v. *Brewer*, supra, 92 Conn. App. 164–65.

The plaintiff raises two issues.[2] First, he claims that the court improperly determined that the state was not a party to the action. His second issue, which is that the court improperly denied his motion to reargue, thereby denying him the right to present evidence on the issue of personal jurisdiction, warrants little discussion, and we dispense with that summarily.[3]

The crux of the plaintiff's argument on appeal is that his case is distinguishable from *Bicio* v. *Brewer*, supra, 92 Conn. App. 158, so as to make its holding inapplicable here. In *Bicio*, the plaintiff brought an action against the defendant, the driver of a state owned ambulance, for injuries arising out of a motor vehicle accident. Id., 159–60. The action was brought in two counts, the first

---

[2] The plaintiff concedes that the court properly dismissed the action as to the defendant pursuant to General Statutes § 4-165.

[3] The plaintiff had ample opportunity at the hearing held before the trial court on October 17, 2005, in which to present evidence to support his claim that the state had actively participated in this case. No such evidence was provided, and the court did not abuse its discretion in denying the plaintiff's motion to reargue in which he raised this issue for the first time. See *Durkin Village Plainville, LLC* v. *Cunningham*, 97 Conn. App. 640, 655, 905 A.2d 1256 (2006).

sounding in negligence and the second sounding in reck-lessness. Id. Prior to trial, the court granted the defendant's motion to dismiss the first count on the ground that the defendant could not be sued in an individual capacity for negligence because he was immune from suit under § 4-165. Id., 160–61. The case proceeded to trial on the recklessness count. Id., 161. On appeal, the plaintiff claimed that the court improperly dismissed the negligence count because the state, although not a named defendant, was the real party against whom relief was sought. Id., 162–63. The plaintiff argued that, accordingly, the court should have applied § 52-556. Id., 163. In affirming the judgment of the trial court, this court noted that the plaintiff had made no attempt to serve process on the state and held that because the state was never made a party to the action, the court lacked personal jurisdiction to render judgment against the state. Id., 167–68.

The plaintiff here claims that, unlike the plaintiff in *Bicio*, (1) he attempted to add the state as a party prior to judgment, (2) he attempted to serve the state formally, and (3) the state had been formally notified, filed an appearance and fully participated in the proceedings. Those representations are without support in the record. Seery is the sole defendant in this action, and while during the pendency of this action the plaintiff filed a request to amend his complaint, that request was not an attempt to add the state as a defendant but rather to add a count of recklessness against Seery. The plaintiff argues that he attempted to serve the state, but the marshal's return shows only service on Seery through an attorney for the department of public safety. There is nothing in the record to show that the plaintiff attempted service on the state in any manner and certainly not pursuant to General Statutes § 52-64.[4] There

---

[4] General Statutes § 52-64 provides: "Service of civil process in any civil action or proceeding maintainable against or in any appeal authorized from the actions of, or service of any foreign attachment or garnishment author-

was no formal notice to the state that it was a defendant in this case. See *Bridgeport* v. *Debek*, supra, 210 Conn. 179. The sole defendant is Seery.[5] Our holding in *Bicio* is controlling and directs us to affirm the judgment of dismissal.

The judgment is affirmed.

In this opinion the other judges concurred

ized against, the state or against any institution, board, commission, department or administrative tribunal thereof, or against any officer, servant, agent or employee of the state or of any such institution, board, commission, department or administrative tribunal, as such, may be made by a proper officer (1) leaving a true and attested copy of the process, including the declaration or complaint, with the Attorney General at the Attorney General's office in Hartford, or (2) sending a true and attested copy of the process, including the summons and complaint, by certified mail, return receipt requested, to the Attorney General at the Attorney General's office in Hartford."

[5] The plaintiff also asserts that the state waived any challenge to personal jurisdiction by not filing a motion to dismiss within the time constraints of Practice Book § 10-30. Because the state did not appear in this action, this assertion is without merit. We are decidedly not persuaded by the plaintiff's argument that the acknowledgement by the defendant's counsel that he was hired by the state to represent Seery is sufficient to construe an appearance by the state in this case.