MICHAEL J. WOODRUFF *v.* TASHA HEMINGWAY

Superior Court, Judicial District of Waterbury
File No. CV-07-5004978-S

Memorandum filed May 4, 2009*

---

\* Affirmed. *Woodruff* v. *Hemingway*, 297 Conn. 317, 2 A.3d 857 (2010).

*Williams, Cooney & Sheehy, LLP*, for the defendant.

*Moynahan & Minnella, LLC*, for the plaintiff.

AGATI, J.

## I

## FACTS

The plaintiff, Michael J. Woodruff, filed a single count complaint on June 19, 2007, against the defendant, Tasha Hemingway, seeking to recover money damages for personal injuries he sustained as the result of a motor vehicle accident that occurred on December 13, 2006. In his complaint, the plaintiff alleges that he was operating his vehicle in the northbound lane of traffic on Route 9 in New Britain, when the defendant caused the vehicle she was driving to crash into the rear of his vehicle. He further alleges that the crash was caused by the carelessness and negligence of the defendant and, as a result, he has suffered serious and permanent personal injuries and losses.

The defendant filed an appearance on July 6, 2007, followed by an answer and special defense dated January 23, 2008. The special defense raises a bar to this cause of action pursuant to General Statutes § 4-165. The defendant filed her motion to dismiss on March 9, 2009. In her accompanying memorandum of law, she argues that the court lacks subject matter jurisdiction over this action on the ground that it is barred pursuant to General Statutes § 4-165. She contends that at the time of the accident, she was an employee of the state, acting in the course of her employment with the Connecticut National Guard. The plaintiff filed his objection to the defendant's motion to dismiss on March 12, 2009.

The defendant filed her reply to the plaintiff's objection on March 23, 2009, to which the plaintiff filed an objection on March 26, 2009.[1] Argument was heard by the court on April 27, 2009.

## II

## DISCUSSION

"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court. . . . A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." (Internal quotation marks omitted.) *Cox* v. *Aiken*, 278 Conn. 204, 210–11, 897 A.2d 71 (2006); see also *Kozlowski* v. *Commissioner of Transportation*, 274 Conn. 497, 501, 876 A.2d 1148 (2005); *Filippi* v. *Sullivan*, 273 Conn. 1, 8, 866 A.2d 599 (2005). "The grounds which may be asserted in [a motion to dismiss] are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; and (5) insufficiency of service of process." *Zizka* v. *Water Pollution Control Authority*, 195 Conn. 682, 687, 490 A.2d 509 (1985), citing Practice Book § 143, now § 10-31. "Claims involving the doctrines of common-law sovereign immunity and statutory immunity, pursuant to § 4-165, implicate the court's subject matter jurisdiction." *Manifold* v. *Ragaglia*, 94 Conn. App. 103, 113–14, 891 A.2d 106 (2006). "The subject matter jurisdiction requirement may not be waived by any party, and also may be raised by a party, or by the court sua sponte, at any state of the proceedings, including on

---

[1] The plaintiff contends that Practice Book § 10-34 does not permit the defendant's reply to the plaintiff's objection to the motion to dismiss from being pleaded and asks this court to disregard it. The court does not read § 10-34 to preclude such a responsive pleading and will not disregard it as asked.

appeal." *Peters* v. *Dept. of Social Services,* 273 Conn. 434, 441, 870 A.2d 448 (2005). "When a . . . court decides a jurisdictional question raised by a pretrial motion to dismiss, it must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) *Kozlowski* v. *Commissioner of Transportation,* supra, 501.

The defendant argues that the court lacks subject matter jurisdiction over this claim, because as a state employee acting within the course of her employment she is afforded statutory immunity pursuant to General Statutes § 4-165.[2] The plaintiff does not disagree with the use of § 4-165 as a bar to certain actions, but instead argues that his suit is specifically exempted from its protection by: General Statutes § 27-70, when read in conjunction with General Statutes § 4-142 (2) and General Statutes § 52-556. In the alternative, he argues that if any defects to the suit exist, they can still be amended and cured pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq. The defendant, in response, argues that the plaintiff's reliance on General Statutes §§ 27-70 and 52-556 and 50 U.S.C. App. § 501 et seq. is misplaced and that statutory immunity pursuant to General Statutes § 4-165 is applicable.

A

General Statutes §§ 27-70 and 4-142 (2)

The plaintiff first argues that General Statutes § 27-70, when read with General Statutes § 4-142 (2), specifically

---

[2] "General Statutes § 4-165 . . . provides in relevant part: No state officer or employee shall be personally liable for damage or injury, not wanton, reckless or malicious, caused in the discharge of his duties or within the scope of his employment. Any person having a claim for such damage or injury shall present it as a claim against the state under the provisions of this chapter. . . . In other words, state employees may not be held personally liable for their negligent actions performed within the scope of their employment. This provision of statutory immunity to state employees has a twofold purpose. First, the legislature sought to avoid placing a burden upon state employment. Second, § 4-165 makes clear that the remedy available to plaintiffs who have suffered harm from the negligent actions of a

exempts his suit from the statutory immunity of General Statutes § 4-165. The court rejects this argument. The plaintiff's reliance on these statutes is misplaced, as there is nothing within the language of these statutes negating the statutory immunity afforded to a state employee under § 4-165. The plaintiff has also failed to provide the court with any substantive discussion or citation of authorities as to this claim, as such it is deemed to be abandoned. See *Stuart* v. *Stuart*, 112 Conn. App. 160, 190, 962 A.2d 842 (2009), rev'd in part on other grounds, 297 Conn. 26, 996 A.2d 259 (2010).

## B

### General Statutes § 52-556

The plaintiff next argues that General Statutes § 52-556 exempts this suit from the protection of General Statutes § 4-165. General Statutes § 52-556 provides: "Any person injured in person or property through the negligence of any state official or employee when operating a motor vehicle owned and insured by the state against personal injuries or property damage shall have a right of action against the state to recover damages for such injury." The plaintiff argues that when applying § 52-556 suits against state employees, they are interpreted as suits against the state. The defendant disagrees with the plaintiff's reading of General Statutes § 52-556, arguing that by its express terms the statute only authorizes suit against the state itself and not the state driver. In support of her position, she directs the court to the Appellate Court's recent holdings in *Bowen* v. *Seery*, 99 Conn. App. 635, 915 A.2d 335, cert. denied, 282 Conn. 906, 920 A.2d 308 (2007), and *Bicio* v. *Brewer*, 92 Conn. App. 158, 884 A.2d 12 (2005).

state employee who acted in the scope of his or her employment must bring a claim against the state . . . ." (Internal quotation marks omitted.) *Miller* v. *Egan*, 265 Conn. 301, 318–19, 828 A.2d 549 (2003).

The court agrees with the defendant that *Bowen* and *Bicio* are controlling on this issue. As in the present action, *Bowen* and *Bicio* involved personal injury claims arising from motor vehicle accidents involving state employee drivers. The Appellate Court affirmed the dismissal of both actions where only the state employee was made a defendant and the state was not served nor made a party to the actions. Here, the plaintiff does not contend that he attempted to add the state as a defendant, that the state was served with process, or that the state was formally notified, appeared, and participated in the proceedings. His argument, that this action is an action against the state, mirrors that which was rejected in *Bicio* and *Bowen*. As in *Bicio* and *Bowen*, the undisputed facts show that the only defendant named and served in this action is the defendant, Hemingway. See Marshal's return, dated May 24, 2007.

Accordingly, the court finds that the state was never made a party to the action and that the plaintiff's reliance on General Statutes § 52-556 is misplaced.

C

50 U.S.C. App. § 501 et seq.

Lastly, the plaintiff argues that if any defects to his suit exist, they can still be amended and cured pursuant to the Servicemembers Civil Relief Act, 50 U.S.C. App. § 501 et seq. He argues that the case before the court could not be litigated based on the defendant's active military status from April 1, 2008, through March of 2009. The defendant counters, arguing that the present motion to dismiss does not involve any issues concerning limitation periods, procedural defects or the like. She argues that to allow the plaintiff to cure any defects is the equivalency of treating the motion to dismiss as a motion to strike which cannot be done.

The court is in agreement with the defendant. "The [Servicemembers Civil Relief Act] is always to be liberally construed to protect those who have been obliged to drop their own affairs to take up the burdens of the nation." (Internal quotation marks omitted.) *Esposito* v. *Schille*, 131 Conn. 449, 452, 40 A.2d 745 (1944), quoting *Boone* v. *Lightner*, 319 U.S. 561, 575, 63 S. Ct. 1223, 87 L. Ed. 158, reh. denied, 320 U.S. 809, 64 S. Ct. 26, 88 L. Ed. 489 (1943). It is the interests of the defendant, not the plaintiff, that are to be protected under the Servicemembers Civil Relief Act.

### III

### CONCLUSION

Nothing in the plaintiff's complaint indicates that the actions of the defendant were wanton, reckless or malicious, or that she is being sued in her official capacity; rather, according to the complaint, she is being sued as an individual for money damages arising out of her carelessness and negligence. General Statutes § 4-165 affords statutory immunity to the defendant, who, the plaintiff concedes, was acting within the scope of her employment with the state at the time of the collision. Accordingly, the court lacks subject matter jurisdiction and the defendant's motion to dismiss is granted.